Burton, J.,
delivered the opinion of the court.
*567 This bill was filed in the First Chancery Court of Shelby county. The main purpose of the bill being to have a construction of the second clause of the last will aud testament of Enoch Ensley, Sr., deceased, and ■ more particularly to have it ascertained and declared by decree of the court, whether, under said clause, complainant is tenant for life, or in fee, of the §50,000 worth of property therein and thereby devised to him.
The will of said testator is dated on the 21st day of September, 1865.
It appears from the bill and answer that testator died in 1866. It also appears from the certificate of the clerk that the will was regularly proven before the County Court of Davidson county, the residence of tne testator, but the certificate does not disclose the date of the probate.
The said second clause of the testator’s will or so much thereof as need be copied, is as follows:
“2d. I will and devise to my grandson, Melville 'Williams, during his life, and then to the heirs of his body by a legal marriage, and in the event of his death without such heirs, then to my residuary legatee and his heirs, §50,000 worth of property, etc.” The limitation of this property in the above clause to Melville Williams for life, and then to the heirs of his body, falls precisely within the terms of the celebrated canon of property known as “the rule in Shelley’s case.”' In vol. 4, p. 226, of his commentaries Mr. Kent says: In Shelley’s case the rule was stated on the authority of several cases in the year books to be, *568 “ that when the ancestor, by any gift or conveyance, taketh an estate of freehold, and in the same gift or conveyance an estate is limited either mediately or immediately to his heirs in fee or in tail, ‘the heirs’ are words of limitation of the estate and not words of purchase.” This rule of property was uniformly held to be in force in Tennessee, and was uniformly applied by the courts whenever a case arose under it until it was abrogated by the Legislative Act of 1851-2, ch. 91, sec. 1. This legislation is brought forward in the Code, sec. 2008, in these words. “When a remainder is limited to the heirs of the body of a person to whom a life estate in the same premises is given, the _ person who, on the termination of the life estate, are heirs or heirs of the body of such tenant shall take as purchasers by virtue of the remainder so limited to them.” It is obvious that the effect of this enactment is to abolish “the rule in Shelley’s case,”' which was indeed its professed object.
When under the rule it is declared that the words heirs are words of limitation of the estate, it is meant of course that those words point out the line of succession in which the estate is to go, and when it is said they are not words of purchase, it results that they are words of descent, as descent and purchase are the only two modes ' of acquiring real estate. Hence it followed that although the estate of the first taker was in form a life estate, the rule vests the.entire estate imported by the limitation in him, as no one could take as heir of another in whom there was no descendible estate. Therefore, when the statute *569 declares that those who are entitled, on the termination of the life estate, shall take as purchasers, it uses the most apt words to abolish the “rule in Shelley’s case;” and, inasmuch as the heirs do not take by descent but by virtue of the remainder limited to them, it follows that by this enactment of the Legislature the first taker is deprived of any estate in the inheritance, and his interest is restricted in fact to what, under the rule, it was in form, viz: a particular estate for life. By applying these rules of the statute to the limitations in this will, it is seen that the complainant has but a life estate in the property disposed of by the second item. The statute further declares that those persons who are heirs, or heirs of the body, at the termination of the life estate shall take. It results therefore that the remainder in this ca.se is a contingent remainder, inasmuch as it is uncertain who the heirs of the body of Melville Williams will be when his death occurs; but it is very plain that on his death the estate will vest in those persons who at that time answer the description of heirs of his body, whether born now or hereafter.
From the construction which we have just put upon this clause of the will, we think it further results that the First Chancery Court of Memphis has no jurisdiction whatever of this cause. Provision is made in the Code, sec. 3337, for the sale of property so limited, that persons not in being may have an estate or interest therein, but this provision seems to be limited to the ease when there are persons already in being who have a common interest with those who *570 may come into being. This requirement is satisfied in the present case because the defendant; Ensley "Williams, has a common interest with any child that may hereafter be born to the complainant, his father. The foregoing provision of the Code is contained in the chapter which confers upon the Chancery Court jurisdiction to consent to a sale of the property of persons laboring under the disability of coverture and infancy. The chapter further provides that the application may be made or the bill filed “where the property . . . sought to be disposed of is, or where the person laboring under disability at the time resides at the option of the party commencing the action.” Code 3323, 3326. This jurisdiction is statutory, and the Legislature has for good reasons, as we think, made it local.
It appears in this record that' the minor, Ensley Williams, resides in Maury county, and it further appears that the real estate devised in the second item of the will is situated in Davidson • county. We do not think therefore that the Chancery Court of Shelby county had any jurisdiction to consent to, or decree the sale of this property.
It will be seen that we liave not discussed the effect of the devise of the property to the testator’s residuary legatee in the event of Melville Williams’ death without lawful heirs of his body. The decision of this point is not necessary to a proper disposition of the case, but still, as a solution of it more fully discloses the nature of the estate of the complainant, it is thought proper to notice it.
*571 A dying without heirs of the body is construed by the common law like a dying without issue, to be too remote an event upon which to suspend a limitation, the reason being that such a limitation imports a failure or extinction of issue at any period however remote, and to give effect to such limitation would violate the rule against perpetuities. 4 Sneed, 669. But by the Act of 1851 — 2, ch. 91, sec. 1. Code 2009, “every contingent limitation in any deed or will made to depend upon the dying of any person without . . . heirs of the body, .■ . . shall be a limitation to take effect when such person dies without' heirs . . . living at the time of his death, or born to him within . ten months thereafter, unless the intention of such limitation be otherwise expressly and plainly declared . in the face of the deed or will creating it.” _ Nothing in the face of this will expressly declares that this limitation is to take effect on an indefinite failure of issue. We therefore think that the limitation to the residuary legatee is a valid limitation in this case. The old Act of 1784, Code 2004, providing in effect that a person seized of an estate in general or special tail shall be held and deemed to be seized in fee, has no application in this case, for the reason that the complainant does not take an estate in tail under this limitation, but only an estate for life. Under this will then, Enoch Ensley, the residuary legatee, would be entitled to this devise. on the death of Melville Williams without an heir of his body or lineal descendant. The effect of the several statutes referred to being that the several devisees take strictly according to the form *572 of the gift, therefore the heirs of the body or lineal descendants of Melville Williams, and not his general heirs, are the persons entitled on his death to this estate. But in this record it appears that Enoch Ensley has by deed sold and transferred to Melville Williams his contingent interest in the property devised in the second item, and hence in the event of of the complainant’s death without an heir of his body, his collateral heirs would be entitled and not Enoch Ensley or his heirs. The conjoined effect of the deed and will then simply is that that complainant is the owner in fee of the property, subject to a contingent remainder in his lineal descendants alive at his death. We have not thought it necessary to consider whether a proper case was made in this cause for a sale and re-investment of the property, for the reason already announced, that the Chancery Court of Shelby was without jurisdiction.
Let the decree be reversed, and the bill be dismissed with costs.